VITO DeMARIO, Plaintiff-Appellee, *v.* SEARS ROEBUCK AND COMPANY, Defendant-Appellant.

(No. 55771;

First District—May 24, 1972.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Arthur L. Klein, of counsel,) for appellant.

Patrick E. Mahoney, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Vito DeMario, brought an action to recover damages for personal injuries resulting from a fall outside of defendant Sears Roebuck & Co.'s store in Berwyn, Illinois. The jury rendered a verdict in favor of plaintiff in the amount of $11,000, and defendant appeals.

Defendant contends on this appeal that (1) the trial court should have granted defendant's motion for a directed verdict or for judgment *n.o.v.;* (2) the trial court improperly instructed the jury; (3) the trial court ruled incorrectly on certain of defendant's evidentiary objections, and (4) the verdict was excessive under all the evidence.

Plaintiff testified that on January 6, 1969, he came to the Sears store to shop for some wall cabinets. As he approached the north door of the store, he noticed that the step or stoop "was slushy and felt like ice or something underneath." As he took hold of the left hand door, he felt himself going off balance. He reached for the right door to avoid falling, and let go of the left hand door. He stated that he slipped and fell when the right hand door moved in or out and sustained injuries.

Robert Broadwell, the manager of the Sears store, testified that at about 1:30 P.M., plaintiff informed him of his fall. When plaintiff and Broadwell went to look at the area, Broadwell observed that an area about 20 feet long and 6 feet wide had been shoveled from the door. There was some slush on the area but no ice. A little blown snow was on

the edges of the shoveled area. Broadwell noticed some crystals of a thawing compound on the concrete and black-topping.

Helen Albores, a unit control manager for Sears, testified that she also observed the area at the north entrance to the store after plaintiff's fall. She noticed that a path about 5 feet wide had been shoveled from the north side of the store and that a thawing compound had been sprinkled. Some snow had blown over and the area was a little slushy.

Walter P. Cullen testified that on January 6, 1969, he was employed as manager of the garden shop at the Sears store in Berwyn. He arrived at the store at approximately 8:30 A.M. It had snowed that morning or the previous night and there were two inches of snow on the ground. When he arrived at work, it was not snowing. Cullen stated that at about 9:15 A.M., before the store opened for business, he shoveled the whole area outside the north entrance to the store, clearing the walk down to the blacktop and the stoop down to the cement. He threw all the snow off to the west as far as it would go and covered the whole walk area with a thawing compound called Ice Melt. At about 11:00 A.M., he went out to check the area, taking the shovel with him. It had not snowed since the first time he had shoveled. He observed that the area was pretty well dried up; there was no accumulation of slush to speak of, and it was not slippery. Cullen stated that he noticed a little slush in the direct line between the gate and the door that had been "tracked" since he had shoveled. He moved it off and threw it again to the west. Then he re-applied half a bag of the thawing compound as a precaution. Between 11 o'clock and the time he learned someone had fallen, he observed the area in question at different times. He stated that there was no appreciable buildup of slush and no ice. There was not enough slush to shovel before he went out for lunch around noon time. After plaintiff's fall, Broadwell told him to go out and shovel the stoop again. At that time, Cullen observed a little slush on the stoop.

■■■ At the outset, both parties agree that there is no duty to remove ice and snow from one's premises. (*Kelly v. Huyvaert*, 323 Ill.App. 643.) In the instant case, however, defendant voluntarily undertook to clear the area in front of the north entrance to its store. As plaintiff points out in his brief, a voluntary undertaking may be the basis of liability if it is performed in a negligent manner. (*Jordan v. Savage*, 88 Ill.App.2d 251, 232 N.E.2d 580; *Roesler v. Liberty Nat. Bank of Chicago*, 2 Ill.App.2d 54, 118 N.E.2d 621.) The question for us, then, is whether there was sufficient evidence of negligence to justify submitting the issue to the jury. To answer that question, we turn to some of the "snow and ice" cases.

In *Riccitelli v. Sternfeld,* 1 Ill.2d 133, 115 N.E.2d 288, plaintiff was injured when she slipped and fell on the sidewalk bordering defendant's filling station. The evidence revealed that there had been two heavy snowfalls several days before the accident, followed by alternate periods of thawing and freezing. The city had plowed the street, piling banks of snow over the curb. Thereafter, defendant shoveled his driveways and made a path through the snow on the sidewalk, forming banks of snow on each side of the walk. Alternate thawing and freezing caused the snow to melt, run onto the sidewalk and freeze. When this happened, defendant applied rock salt. The jury awarded damages to the plaintiff. The Appellate Court reversed, holding that the trial court should have entered judgment for defendant as a matter of law. In affirming, the Supreme Court quoted approvingly from the Appellate Court opinion:

"The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable if not necessary. The water which froze and produced the lump of ice on which plaintiff fell, came from natural causes. It cannot be said to have arisen from anything defendant did, other than removing the snow obstructing his driveway and making a path on the sidewalk for pedestrians. That in so doing he may have piled some snow from the driveway onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated." 1 Ill.2d at 137.

Similarly, in *Zide v. Jewel Tea Co.,* 39 Ill.App.2d 217, 188 N.E.2d 383, plaintiff was injured when she slipped and fell on ice in defendant's parking lot. The evidence revealed that the lot had been plowed on the morning of the accident, and that defendant's employee had spread salt around the entrance to the store. The Appellate Court in reversing a judgment for plaintiff based on a jury verdict in the sum of $25,000, held that the trial court should have directed a verdict for defendant. It noted that there was no evidence in the record that the application of salt to the snow and ice near the store entrance would produce water, which in turn would flow to the place of the accident. The court said,

"It was essential to the plaintiff's cause of action that some evidence be introduced to show that her fall resulted from other than the presence of snow and ice accumulated as a result of natural causes." 39 Ill.App.2d at 225.

The court went on to state that, "To hold otherwise, would place the defendant in the position of an absolute insurer of the safety of its business invitees contrary to the settled law of our state." 39 Ill.App.2d at 227.

■■ In the instant case, the record falls short of the facts which the

courts in *Riccitelli* and *Zide* found insufficient to create a jury question on liability. There was no evidence that defendant piled banks of snow alongside the shoveled path, as in *Riccitelli*. Nor was there evidence of thawing and freezing, as in *Zide*. More importantly, there was no evidence which would connect the act of snow removal performed by Cullen with the slush or ice on which plaintiff allegedly slipped and fell. This court has recently stated that, "* * * mere removal of snow, which may leave a natural ice formation remaining on the premises, does not of itself constitute negligence." (*Anderson v. Davis Development Corp.*, 99 Ill.App.2d 55, 58, 241 N.E.2d 222, 224.) There must be an "*affirmative showing*" (emphasis added) by the plaintiff of an unnatural accumulation of snow or an aggravation of a natural condition" by the defendant before the plaintiff will be allowed to recover. *Byrne v. Catholic Bishop of Chicago*, 266 N.E.2d 708, 711.

❷ 5   Plaintiff argues that since there was no precipitation on the morning of the accident after Cullen shoveled a path from the door, the slush on which plaintiff allegedly slipped must necessarily have been an unnatural accumulation which resulted from defendant's negligence in removing the snow. We are unable to agree. There was no evidence of anything improper in the manner in which Cullen removed the snow. In fact, he testified that he cleared the snow down to the concrete and blacktop, and in addition, applied a thawing compound. Two hours later, he checked the area, shoveled off the small amount of tracked slush which had accumulated, and again applied the compound as a precaution. The courts in this state have made it plain that defendant had no obligation to continuously remove the tracks of other customers. *Hartman v. Goldblatt Bros., Inc.*, 19 Ill.App.2d 563, 154 N.E.2d 872; *Murray v. Bedell Co.*, 256 Ill.App. 247; see also *Brunet v. S. S. Kresge Co.*, 7th Cir., 115 F.2d 713.

Plaintiff relies on *Fitzsimons v. National Tea Co.*, 29 Ill.App.2d 306, 173 N.E.2d 534, and *Sims v. Block*, 94 Ill.App.2d 215, 236 N.E.2d 572. In each of those cases, however, there was sufficient evidence to show that the defendant had created the unnatural condition and to charge defendant with knowledge of it. In contrast, in the case at bar, there was no showing as to the origin of the slush or ice upon which plaintiff allegedly slipped and fell.

■■■   In Illinois, the rule is that, "Verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513.) Having carefully reviewed the record, we conclude that the trial court should have granted defendant's

motion for a directed verdict or for judgment *n.o.v.* Under the view we take, it is unnecessary for us to consider the other allegations of error.

The judgment of the Circuit Court is reversed and the cause remanded with directions to enter judgment for defendant.

Reversed and remanded with directions.

DIERINGER, P. J., and ADESKO, J., concur.