(No. 6778

FRANCIS L. TITTLE and VERNON TITTLE, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1978.*

JOHN LUSAK, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL WEXLER, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Frances L. Tittle, has brought this action to recover damages for injuries she received in a fall on the premises of the Valley View Boys School at St. Charles, Illinois, on February 7, 1971. Her husband, Vernon Tittle, has joined in the claim to recover for the loss of consortium.

On February 7, 1971, Frances L. Tittle and some other members of her family traveled by car to the Valley View Boys School to visit her son, Russell. They arrived at approximately 2:30 p.m. and parked the car in front of the Attendance Building. Mrs Tittle left the car and walked up a sidewalk leading from the parking lot to meet her son. She returned with Russell and re-entered the car.

The Tittles left the school grounds for dinner, and returned at approximately 4:00 p.m. Tom Salemi, Mrs. Tittle's son-in-law, was driving the car, and he parked in approximately the same place as he had previously.

Mrs. Tittle got out of the passenger side of the vehicle. She took one or two steps on the sidewalk leading from the parking lot when she slipped on a patch of ice and fell to the ground.

She described the ice patch on which she fell as approximately two feet square and one inch high. She said it was "lumpy" and mixed with dirt. Except for the portion of the sidewalk on which she fell, the rest of the sidewalk was clear. She further testified that it was daylight when she fell, and that she never saw the icy portion of the sidewalk before she fell.

Mrs. Tittle sustained a fracture of her left tibia and fibula. She was placed in the automobile after the fall, and a nurse from the school put a splint on her left leg. She was taken to Sherman Hospital in St. Charles,

where her leg was x-rayed. She was then transferred to St. Anne's Hospital in Chicago, where she remained for three weeks. She underwent surgery on the leg to correct a spiral fracture with distraction of the fragment of bone. An open reduction with internal fixation by use of pins was performed. After the operation, Mrs. Tittle's leg was placed in a series of three plaster casts. The last cast was removed approximately four weeks after the accident, and she walked with the aid of crutches and underwent physical therapy for several months thereafter.

Frances Tittle claimed that she was still experiencing pain and difficulty with her left leg at the time of the hearing. She said the leg swelled if she stood on it for a long period of time. She also said that her lower left leg had a red coloration, and that she walked with a slight limp.

Vernon Tittle, the husband of Frances Tittle, testified that he lost time from his employment from March 22, 1971, to July 5, 1971, because he was required to care for his wife and family. He claims a loss of wages in the amount of $2,868.67, as well as loss of the services of his wife.

Steven Gentis, as employee of the Valley View Boys School, testified that on February 7, 1971, he observed the car parked in front of the main school building. He approached the car and saw Russell Tittle and several members of his family. He told them that they were in a restricted area, and asked them to park in the visitor's lot.

Gentis said that the parking lot in which Claimant's car was parked was reserved for official cars only, and that there was a visitor's parking lot which was designated by signs.

Gentis also said that there was some construction work taking place near the site of the fall, from which shrubbery had been removed.

Claimants acknowledge that the State had no duty to clear the natural accumulation of ice and snow from its premises. Claimant argues, however, that once Respondent undertook to clear the sidewalk on which Mrs. Tittle fell, it owed an affirmative duty to use ordinary care in clearing the ice and snow. Claimant contends that the record establishes that Respondent attempted to clear the sidewalk, but that an icy patch remained which caused the injury to Mrs. Tittle.

Respondent contends that Claimant has failed to prove that the ice on which Mrs. Tittle fell was other than natural accumulation, or that the State aggravated a natural condition by its efforts to clear the sidewalk.

In *De Mario v. Sears Roebuck and Co., 6 Ill. App. 3d 46, 50,* the Court said, "In a 'slip and fall' case, there must be an affirmative showing by Plaintiff of an unnatural accumulation of snow or an aggravation of a natural condition by defendant before plaintiff will be allowed to recover." Here, there has been no showing that the accumulation of ice resulted from anything but natural conditions. In *De Mario v. Sears Roebuck and Co., supra,* the Court further noted that mere removal of snow, which may leave a natural ice formation remaining on the premises, does not in and of itself constitute negligence.

The authority relied upon by Claimants is distinguishable. Claimant cites *Sims v. Block, 94 Ill. App. 2d 215, 236 N.E.2d 572, (1968),* for the proposition that landowners have a duty to exercise ordinary care in removing snow and ice. In *Sims,* however, ridges of ice

which caused the plaintiff to fall were created by the defendant's snow removal equipment, thus creating an artificial accumulation of ice and snow.

Here it appears that the walk in question was cleared, and that a residue of water or snow was subsequently mixed with a quantity of dirt. This was not an instance where an attempt to clear ice and snow created the dangerous condition. We find that Claimant has failed to establish that the State of Illinois violated any duty owed to Claimants. This claim is accordingly denied.