YVONNE BEDEKER *et al.*, Plaintiffs-Appellants, *v.* SCHOOL DIRECTORS OF DISTRICT NO. 40, STREATOR TOWNSHIP HIGH SCHOOL OF STREATOR, COUNTY OF LA SALLE, Defendants-Appellees.

Third District    No. 80-91

Opinion filed January 13, 1981.

Eric B. Deobler and Thomas M. Kelleher, both of Peter F. Ferracuti & Associates, of Ottawa, for appellants.

Robert M. Hansen and R. J. Lannon, Jr., both of Herbolsheimer, Lannon, Henson & Duncan, P. C., of La Salle, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Yvonne Bedeker, plaintiff, appeals from an order of the Circuit Court of La Salle County which granted the defendant school's motion for a directed verdict.

The plaintiff on January 6, 1978, slipped, fell and was injured upon the premises of the defendant, being school property, and she alleged that the defendant was negligent in that it failed to remove accumulated snow and ice from a sidewalk and that there was a failure to warn users of the walk of the dangerous condition. Gus Bedeker, husband of the plaintiff, alleged a cause of action for loss of consortium stemming from the injuries suffered by his wife. The count for loss of consortium filed by plaintiff's husband was voluntarily dismissed prior to trial.

The order directing verdict for the defendant was granted at the close of the plaintiff's case. The trial was by jury, testimony of the plaintiff and other witnesses was heard, and exhibits, being large still photographs of the premises where the accident occurred, were introduced into evidence. Further reference to the evidence presented by the plaintiff will be made as it becomes pertinent to the determination of the issue presented in this appeal, which is whether the trial court properly granted defendant's motion for directed verdict.

The evidence disclosed that there was a blacktop area which was intersected by a sidewalk and at this intersection there was a small area of ice which may have accumulated unnaturally because of acts of the defendant school. The plaintiff testified that when she fell she did not fall at the corner but that she was closer to a building of the school than she was to the sidewalk. The plaintiff testified that she had taken four steps on the blacktop which was away from the sidewalk and the location of the patch of ice when she fell. Her daughter testified that she had taken four or five steps. This court had the benefit of viewing the photographs of the area in question, and they disclose that the intersection of the sidewalk and the blacktop driveway was from six to eight feet from the nearest

school building. Based entirely upon the facts the trial court's granting of the motion for a directed verdict should be approved, since there was a failure to conclusively prove that the plaintiff's fall was the result of an unnatural accumulation of ice resulting from something done by the defendant school.

We are, however, loathe to determine this appeal solely on the basis of facts. However, the plaintiff cannot prevail in this appeal since there is an absence of proof as to the origin of any patch of ice which caused her fall. The plaintiff had the burden of showing affirmatively that the patch of ice on which she fell was an artificial accumulation caused by Streator Township High School. (See *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184; *Byrne v. Catholic Bishop* (1971), 131 Ill. App. 2d 356, 266 N.E.2d 708.) The case of *Byrne* is strikingly similar to the instant case in that there was an absence of eyewitnesses who could testify as to what caused a patch of snow upon which the plaintiff slipped and fell to be located where it was. In *Byrne*, the plaintiff testified that he did not know where the patch of snow in question came from. In short, as in the case before us, there was a total failure to produce evidence which established that the defendant had done something which caused an unnatural or artificial accumulation of snow. In *Byrne* the reviewing court affirmed a judgment for the defendant notwithstanding the verdict. See also *DeMario v. Sears, Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330.

We can only conclude that the plaintiff's case against the defendant failed both factually and as a matter of law and that the judgment of the Circuit Court of La Salle County should be affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.