**People of the State of Illinois, Plaintiff-Appellee, v. Edward Lee Quillen, Defendant-Appellant.**

Gen. No. 65–29.

Third District.

December 28, 1965.

James J. Gende, of East Moline, for appellant.

William G. Clark, Attorney General, of Springfield (Richard Stengel, State's Attorney, of Rock Island and Peter C. Fieweger, Assistant State's Attorney, of counsel), for appellee.

ALLOY, P. J.

Defendant Edward Lee Quillen appeals to this court from conviction and sentence following an indictment for burglary in the Circuit Court of Rock Island County. The indictment charged that Defendant on December 13, 1964 "without authority, knowingly entered into a building of School District Number 34 known as the Silvis-McKinley School . . ." The record discloses that about 1:00 a. m. on Sunday, December 13, 1964, pounding noises had been heard in the school building, and as a result, four police officers met outside the building about 2:00 a. m. for the purpose of checking these noises. The

police officers entered the building together, located the room where the pounding was taking place, and there apprehended Defendant and another man. There were several pry marks on the door at the outside of the building near the lock, and damage by indentations which looked as though such damage had been done by a screwdriver, pry bar or similar instrument. The only persons in the building at the time were Defendant and the other man apprehended in the room where a large safe was located. The cabinet safe was considerably damaged. The front of it was ripped off and the dial was knocked off. There was a hole broken in the firewall and a great deal of plaster from it was on the floor. The plaster was firewall substance which was powdery and dust from this substance was all over the floor and all over the trousers, shoes and tan gloves which the Defendant, Quillen, was wearing. The arresting officers also found burglary tools in the office including body tools, large screwdrivers, a flashlight, a small hammer, a small sledgehammer, and a crowbar. Paper and pencil vending machines in the hallway on the second floor of the building had also been pried into and no money remained in them.

The outside doors were found to be open or slightly ajar when the officers entered the building. As indicated above, there were damage marks evidencing the use of a prying instrument or instruments near the lock plate of the door.

The principal of the school testified that he was in charge of the building; that school was not in session on Sunday, December 13; and that the building was used on Saturdays for bank instruction classes and physical education activities but that the building is kept locked when not in use. There was no showing that any other persons were authorized to be in the building on December 13. Defendant Quillen did not testify.

■■ On appeal in this court, Defendant contends, first, that the Trial Court erred in refusing to arrest the

judgment for failure of the indictment to allege ownership or possession of the building in which Defendant was found and, secondly, that the Trial Court erred in refusing to vacate its judgment and set aside the verdict of guilty for failure of the State to prove unauthorized entry as charged in the indictment. The indictment stated in substance that Defendant and the other individual arrested in the building committed the offense of burglary in that they, without authority, knowingly entered into a building of School District Number 34. The Defendant in this court contends that the indictment does not actually allege ownership because the word "of" which precedes School District Number 34 does not necessarily imply ownership. In People v. Wolf, 334 Ill 218, 165 NE 619, the Supreme Court of this State was concerned with an indictment involving a fire to a barn "of one Everett Steele." The court in affirming the arson conviction, upheld the indictment and stated (at page 220):

> "One meaning of the word 'of' given in Webster's New International Dictionary is, 'belonging to.' The plain meaning of the words 'a barn of one Everett Steele,' is that it is a barn belonging to or the property of Everett Steele."

Similarly, in the case before us, the indictment which charged that Defendant without authority entered into a building "of School District Number 34" clearly charged that it was a building belonging to School District Number 34 (People v. Wilson, 24 Ill2d 598, 182 NE2d 683). The description of ownership of the building to be in School District Number 34 is likewise adequate. As stated in People v. Furman, 26 Ill2d 334, at 336, 186 NE2d 262:

> "The purpose of this requirement is to enable the accused to prepare for trial, and to plead former acquittal or conviction under the indictment in bar of another prosecution for the same offense."

In that case, the ownership of the burglarized building was alleged to be in "School District Number 102" and "School District Number 105" and in such case the indictment was held sufficient. Under the provisions of Illinois Revised Statutes (Ill Rev Stats, 1961 c 38, § 19–1), the indictment is sufficiently explicit in identifying and giving the exact location of the buglarized premises, and a formal allegation of ownership or possession beyond what is contained in the indictment before us was clearly unnecessary. Defendant was advised of the charged offense so that he could adequately prepare his defense. The only building which could fit the description of the burglarized premises was the one school building known as the "Silvis-McKinley School." We must, therefore, conclude that the indictment in this case sufficiently alleged ownership as a matter of fact and, in any event, was sufficient to charge the Defendant with the offense of burglary.

 On the issue of the alleged error relating to failure to prove unauthorized entry of the building, we do not believe that this contention is sustained by the record. While the Defendant did not set forth any such contention in his motion for new trial and could be deemed to have waived any such error (People v. Smith, 11 Ill2d 280, 143 NE2d 50), the evidence in the record supports the verdict and finding that Defendant's entry into the premises which were burglarized was unauthorized. As stated in People v. Geisler, 348 Ill 510, at 516, 181 NE 328, "Burglary can seldom be proven by direct evidence of the actual breaking and entry, and the inference of guilt in most cases must necessarily be drawn from other facts satisfactorily proved." Such evidence is necessarily circumstantial in nature, such as was found in People v. Reeves, 360 Ill 55, 195 NE 443. In that case, the defendant was observed, on a holiday, leaving the ninth floor of a building where a burglarized office was located. He later fled from a peace officer and

when apprehended had some apparent proceeds of the burglary on his person. The door in the office which was burglarized was found open and several safes had been broken open. In considering the matter of entry, the court stated (at Page 62), that while the evidence showed no marks of forcible entry on any doors, windows or entranceways to the offices and while there was no direct evidence as to the manner in which the offices were entered, it was not necessary to prove the particular manner of entry. The safes and metal boxes there were broken open and the court concluded that it was self-evident that some force was used to open the locked door of the offices and that a breaking and entry may be proven by circumstantial as well as direct evidence.

■■ In the case before us, Defendant was arrested by four police officers shortly after 2:00 a. m. on a Sunday morning in the process of burglarizing the office. He came out of the office where the safe had been peeled, with dust from the firewall substance upon the trousers, shoes, and gloves he was wearing. Burglary tools were found in the office and no one else but Defendant and his companion were in the building. This cause was tried by a jury which concluded that Defendant's guilt was proven beyond a reasonable doubt. The uncontradicted evidence was sufficient to substantiate a finding by the jury that Defendant, without authority, knowingly entered the school building. Under the circumstances, the verdict of the jury is required to be sustained.

Since there is no reversible error in the record before us, the judgment and sentence of the Circuit Court of Rock Island County will be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.