ROBERT EBBERT, Plaintiff-Appellant, *v.* VULCAN IRON WORKS, INC., Defendant-Appellee.

Third District  No. 80-8

Opinion filed August 12, 1980.

Gary L. Clark, of Allen, Clark & Cullinan, Ltd., of Peoria, for appellant.

W. Thomas Johnston, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the plaintiff, Robert Ebbert, from a judgment in favor of the defendant, Vulcan Iron Works, Inc., following the return of a jury verdict also in favor of the defendant. The underlying cause is a products-liability action against the defendant, a manufacturer of a pile driver, based on a strict liability theory. In this appeal, the only issue presented for review is that, contrary to the jury's verdict, the liability of the defendant was established by the evidence as a matter of law.

The plaintiff, who operated the air compressor which supplied the

power to the pile driver, was injured on the job site when, while the plaintiff was standing 10 to 12 feet from the pile driver and the hammer of the pile driver was raised some 35 feet in the air, a two-inch air hose disconnected from the pile driver and struck the plaintiff in the head. In his complaint, the plaintiff alleged that the pile driver was unreasonably dangerous because: (1) no safety device was provided to restrain the air hose in the event it came loose; (2) there was no safety device at the connection; (3) there were no adequate warnings on the pile driver concerning the possible danger in the event the hose became loose; and (4) there were no adequate instructions as to the method for attaching the hose.

The basic physical facts underlying this controversy are undisputed. There is extensive evidence presented by both parties describing the construction and operation of the pile driver, its connection to an air compresser and the hazards of an unrestrained air hose which becomes uncoupled from the machine during operations. Experts testified for each party concerning the design of the machine, methods of attaching restraining chains or cables to the air or steam hose line as well as the adequacy of the warnings and advice in the instruction manual.

■■ In an action based on strict products liability, the plaintiff must allege and prove that his injuries were proximately caused by a condition or defect in the defendant's product which was unreasonably dangerous and that the unreasonably dangerous condition or defect existed when the product left the manufacturer's control. (*Peterson v. B/W Controls, Inc.* (1977), 50 Ill. App. 3d 1026, 366 N.E.2d 144). As the plaintiff's brief points out, although there are four separate allegations in the complaint, the plaintiff's contentions can be reduced to two. The defendant should be held strictly liable for failing to provide a safety restraint for the hose or for failing to provide an adequate warning.

Not only is a manufacturer held to the degree and knowledge of skill of the expert, but it also has a nondelegable duty to make its product safe. (*Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690.) An unreasonably dangerous design defect can be demonstrated by evidence that the product fails to conform to accepted design standards or by evidence of the availability or feasibility of alternative designs. (*Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690.) The question of what is unreasonably dangerous is usually a jury question (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859; *Bradley v. Caterpillar Tractor Co.* (1979), 75 Ill. App. 3d 890, 394 N.E.2d 825), particularly where conflicting expert testimony is presented. *Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690.

To overcome a jury verdict and enter judgment, the standard set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229

N.E.2d 504, must be met. Therefore, in this case, if all of the evidence, when viewed in its aspects most favorable to the defendant, so overwhelmingly favors this plaintiff that no contrary verdict based on that evidence could ever stand, then judgment can be entered for the plaintiff.

■■ As to the design defect the evidence does not so overwhelmingly favor the plaintiff as to require a judgment in plaintiff's favor. From the evidence presented at the trial, the jury could reasonably find that the Vulcan No. 1 Pile Driver was not unreasonably dangerous because it provided a place to attach a chain to secure the hose, that such chains were provided by the hose manufacturers, that a permanent attachment was not a viable alternative design, and that the product conforms to the accepted design standards of the industry. Likewise, whether the warnings provided were adequate is a question of fact. (*Williams v. Brown Manufacturing Co.* (1968), 93 Ill. App. 2d 334, 236 N.E.2d 125, *rev'd & rem.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) In the case at bar, the field manual advised of using a chain or other device to suspend the hose in the event of a disconnection. There was also a picture on the sales literature depicting a hose so attached to the pile driver.

■■ The plaintiff argues that the manufacturer was in the best position to know of the hazard connected with the product and, therefore, should have placed a warning on the machine. However, this argument ignores the considerable and unrefuted testimony that everyone connected with the use of this machine was aware of the potential danger arising from the possible disconnection of the air hose.

As a result, we can not say that the evidence so overwhelmingly favors the plaintiff that a judgment for the defendant could never stand. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.