ARTHUR VAN DETTUM, Plaintiff-Appellant, v. K MART CORPORATION, Defendant (Starlite Industries, Defendant-Appellee).

Third District    No. 3—84—0723

Opinion filed June 11, 1985.

862

Frederick W. Allen and Gary L. Clark, both of Allen, Clark & Harn, Ltd., of Peoria, for appellant.

W. Thomas Johnston and Karen J. Steele, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Arthur Van Dettum, appeals from entry of summary judgment against him and for the defendant, Starlite Industries. On appeal, the plaintiff argues there is a question of fact as to whether the product in question was of an unreasonably dangerous condition. We affirm.

The parties agree on the instant facts. The action arose out of an eye injury the plaintiff suffered as he was covering the front seat of his automobile with the instant product, an automobile seat cover manufactured by the defendant, Starlite. The cover was secured by elastic straps ending in metal hooks to catch onto the seat's underside. It was sold with installation instructions, but with no warnings.

The plaintiff successfully installed all but one of the cover's straps according to instructions and without injury. As he stretched the final strap to hook it under the seat, the strap snapped back and struck him in the eye. The plaintiff sought relief for his resulting eye injury from the defendant, Starlite and from K mart, his immediate seller. K mart was dismissed in the trial court and is not involved in the appeal.

The plaintiff sought relief based on strict liability. He alleged that the instant seat cover was of unreasonably dangerous condition either because the only method of attachment provided was an elastic strap with a metal hook, use of which required one to stretch the elastic strap and expose his face to the stretched strap and hook, or because there was no adequate warning of the danger of eye injury or of the advisability of wearing eye protection during installation. According to the plaintiff, he presented questions of fact as to whether the cover's attachment system is unreasonably dangerous and as to whether an accompanying warning was necessary in this case. We disagree.

■■ A motion for summary judgment should be granted if the record shows no material question of fact. (*Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964.) In a cause of action based on strict liability in tort, an Illinois plaintiff must plead and prove that his injury or damage resulted from a condition of the relevant product, that the condition was an unreasonably dangerous one, and that the condition existed when the product left the manufacturer's control. (*Woodill v. Parke Davis & Co.* (1980), 79 Ill. 2d 26, 402 N.E.2d 194.) The Illinois doctrine of strict liability coincides with the view expressed in section 402A of the Restatement (Second) of Torts. Restatement (Second) of Torts sec. 402A (1965); *Woodill v. Parke Davis & Co.* (1980), 79 Ill. 2d 26, 402 N.E.2d 194.

■■ ■ While failure to warn can make a product unreasonably dangerous (Restatement (Second) of Torts sec. 402A, comment j (1965)), there is no duty to warn where the product is not defectively designed or manufactured and where the possibility of injury results from a common propensity of the product which is open and obvious. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) Furthermore, a manufacturer is not under a duty in strict liability to design a product incapable of injuring those who foreseeably contact it. Product-caused injuries are compensable in products liability only if they derive from a distinct defect which subjects persons exposed to the product to an unreasonable risk of harm. *Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.

■ We find here no material question as to whether the instant seat cover was unreasonably dangerous as defectively designed or unaccompanied by warnings. This case is similar to *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182, where the supreme court, in a strict-liability analysis, approved dismissal of the plaintiff's complaint based upon the slippery nature of shoes on wet asphalt flooring and the manufacturer's failure to warn of that danger. Here, as in *Fanning,* the product was not accident-proof. Furthermore, the product design here, like that of non-"break-away" highway sign posts in *Hunt,* may not have been the safest possible. Nevertheless, those facts do not make the instant product design, even without warnings, unreasonably dangerous for purposes of strict liability analysis.

Here, as in *Hunt,* there is no allegation that the instant product was defectively designed for its intended use: here, to securely cover an automobile seat. Furthermore, similar to *Fanning,* the plaintiff's injury resulted from his not guarding against the product's common propensities. The product was distributed without defects in its intended, functional design. Any danger posed by that design was en-

tirely obvious to any user. Even had the plaintiff not admitted it, we would have imputed knowledge of the propensity of an unsecured end of a stretched piece of elastic to snap back to a secured point. We similarly impute knowledge of the necessity for caution when stretching a hook-ended piece of elastic near one's face.

We find as a matter of law the instant seat cover did not expose users to an unreasonable risk of harm. The cover was not unreasonably dangerous in design and the defendant was without a duty to warn of the obvious danger presented by its installation. As the product here was not so dangerous as to require an accompanying warning, the case is distinguishable from the plaintiff's preferred authority, *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858, where the offending product was a minitrampoline.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.