BARBARA COLLINS, Plaintiff-Appellant, v. SUNNYSIDE CORPORA-
TION, Defendant-Appellee.

First District (5th Division)   No. 83—0872

Opinion filed July 25, 1986.

Michael L. Bolos, Ltd., of Chicago (Michael L. Bolos, of counsel), for appellant.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Barbara Collins, appeals from a summary judgment in favor of defendant, Sunnyside Corporation. Plaintiff burned her leg while using acetone, a liquid manufactured by defendant, to clean paint spots from floor tile in the utility room in her home. Plaintiff purchased the acetone from Bob's True Value hardware store.

Acetone is an extremely flammable liquid and its vapors can ignite. The warnings on the acetone container which plaintiff purchased were as follows:

"ACETONE

Sunnyside Acetone is a powerful, fast evaporating chemical. These characteristics make it a valuable solvent for industrial and home use. It is widely used as a solvent for celluloid, various resins, epoxies, vinyls, lacquers, contact cements, plastics, dopes and adhesives. Because Acetone is a very strong solvent, it may be harmful to some materials. Always test before using to avoid damage.

CAUTION CONTAINS ACETONE

Keep away from heat, sparks and open flame. Avoid rubbing; friction may cause static electric sparks. Avoid contact with eyes or skin. Avoid breathing of vapor or spray mist. In case of eye contact, flush thoroughly with water and get medical attention; for skin contact, wash thoroughly. Close container after each use. Do not transfer contents to unlabeled containers. Vapors may ignite explosively. Extinguish all sources of ignition during use and until all vapors are gone.

Use only with adequate ventilation.

KEEP OUT OF REACH OF CHILDREN."

Plaintiff poured acetone in a bucket, mopped the floor with it, and after a few minutes, the floor ignited in a series of explosive "puffs." The ignition source was a pilot light located beneath the water heater in the utility room. The flames traveled from the water heater across the floor. Plaintiff's left leg was burned by the flames.

Plaintiff filed suit against Sunnyside and Bob's True Value store in which she alleged that the acetone was unreasonably dangerous or defective because the warnings on the can did not adequately inform plaintiff of the extreme flammability of acetone. Bob's True Value store was dismissed as a defendant from this action. Defendant Sunnyside then filed a motion for summary judgment in which it

asserted that the warnings on the one-gallon container of acetone plaintiff purchased were sufficient.

In granting defendant's motion for summary judgment, the trial court stated that the affidavit of defendant's expert, Roger Petty, which was presented in support of the summary judgment motion, was not rebutted by a counteraffidavit from plaintiff to create an issue of fact. Petty, defendant's director of manufacturing, stated in his affidavit that the "cautionary language" on Sunnyside's one-gallon containers of acetone "was prepared with reference to the recommended labeling" of several private, trade and United States governmental agencies, which Petty named.

In granting defendant's motion for summary judgment, the court stated:

> "[W]here the product could be unreasonably dangerous as a result of inadequate warnings, that is a proper area for expert testimony. *** The motion for summary judgment is supported by an affidavit of an expert in regard to the fact that the warnings are correct, not the sufficiency of their oath. That is only argument.
>
> * * *
>
> *** [T]he court believes that this is an area that is the proper subject of expert opinion. *Sanders vs. Frost* is a case that allowed or affirmed the granting of the summary judgment where no counter-affidavit was filed by an expert to create a genuine issue of fact.
>
> * * *
>
> *** [T]his is a summary judgment granted not on the basis of the failure to comply with the order to disclose an expert but primarily there is no genuine issue of fact of the unreasonably dangerous use of the product because the expert's opinion in support of the movant is not rebutted by a counteraffidavit."

On this appeal, plaintiff contends that summary judgment was improperly granted because the adequacy of the warnings on the acetone container was a question of fact for a jury's determination. We agree.

■■■ Unavoidably unsafe products may require a warning to inform the consumer that harm may result from the product. The adequacy of the warning is usually a jury question. (*Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 221, 412 N.E.2d 959.) Also, the question of whether a product was in an unreasonably dangerous or defective condition because of the failure to give adequate

warnings is a question of fact for the jury. (*Ebbert v. Vulcan Iron Works, Inc.* (1980), 87 Ill. App. 3d 74, 76, 409 N.E.2d 112; see also *Nelson v. Hydraulic Press Manufacturing Co.* (1980), 84 Ill. App. 3d 41, 46, 404 N.E.2d 1013.) Warnings may be inadequate if they: (1) do not specify the risk presented by the product; (2) are inconsistent with how a product would be used; (3) do not provide the reason for the warnings; or (4) do not reach foreseeable users. (*Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 428, 462 N.E.2d 858.) The purpose of a warning is to apprise a person of a danger of which he is not aware, and thus enable the person to protect himself against it. When a danger is fully obvious and generally appreciated, nothing of value is added by a warning. (*Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 345, 306 N.E.2d 312.) There is no duty to warn where the product is not defectively manufactured and where the possibility of injury results from a common propensity of the product which is open and obvious. *Van Dettum v. K mart Corp.* (1985), 133 Ill. App. 3d 861, 863, 479 N.E.2d 1104.

■ Considering the above principles, it was error for the trial court to grant defendant's motion for summary judgment. The adequacy of the warnings on the container of acetone was a question of fact for the jury to decide. The fact that defendant gave warnings is not conclusive that the warnings were adequate. Additional unresolved factual questions were, what is "adequate ventilation" as stated in the warnings on the acetone container, and whether the dangers of using acetone were generally appreciated or obvious to plaintiff.

We note that the case relied on by the trial court, *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105, was a medical-malpractice case in which the plaintiff alleged that the defendants were negligent and lacked skill and care in treating him for injuries he sustained in an automobile accident. Defendants rebutted these allegations with the depositions of several doctors who had subsequently treated plaintiff. Quoting *Scardina v. Colletti* (1965), 63 Ill. App. 2d 481, 488, 212 N.E.2d 762, the court in *Sanders* pointed out that " 'In a malpractice action a physician will be held responsible for injuries resulting from his want of reasonable care, skill and diligence in his practice. *** Generally, it is necessary for the plaintiff to show by expert testimony not only that the injury occurred, but that such event does not ordinarily occur in the normal course of events without negligence.' " *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 240, 251 N.E.2d 105.

The court in *Sanders* stated further that the allegations in the plaintiff's complaint required more than common knowledge and experience to understand and were not within the common comprehension of laymen. In affirming the trial court's grant of summary judgment in favor of defendants, the court held that since plaintiff failed to indicate that he had expert medical opinion to sustain the charges in his complaint, or that he would be able to obtain such expert opinion in the future, the trial court correctly entered summary judgment in favor of defendants. *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 241, 251 N.E.2d 105.

*Sanders*, a medical-malpractice case, is not the case before us here. In this, a products-liability case, the adequacy or inadequacy of the warnings given by a manufacturer may be the essential issue in determining whether the product was unreasonably dangerous. As we have before stated, this was a question of fact for the jury. A motion for summary judgment should be granted only when the record shows no material questions of fact. (*Van Dettum v. K mart Corp.* (1985), 133 Ill. App. 3d 861, 863, 479 N.E.2d 1104.) Defendant's motion for summary judgment should not have been granted.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded. This holding renders it unnecessary to address plaintiff's remaining issue that the trial court improperly relied on the affidavit of Roger Petty in granting summary judgment to defendant.

Reversed and remanded.

LORENZ and MURRAY,* JJ., concur.

---

*Justice Mejda heard the oral argument in this case. Following his retirement, Justice Murray was substituted, listened to the tape of the oral argument and read the briefs and record.