Robert MOORE, Plaintiff,

v.

**POWERMATIC, A DIVISION OF STAN-WICH INDUSTRIES, INC.,**
Defendant/Third–Party Plaintiff,

v.

**MOBILE OFFICE, INC.,**
Third–Party Defendant.

No. 89 C 9396.

United States District Court,
N.D. Illinois, E.D.

June 6, 1990.

Mark E. McNabola, Motherway & Glenn, Chicago, Ill., for plaintiff.

Phillip Mark Crane, Jeffrey Singer, Segal, McCambridge, Singer, & Mahoney, Chicago, Ill., for the Powermatic Co.

Edward J. Szewczyk, Jobin & Flynn, Chicago, Ill., for Mobile Office, Inc.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On October 31, 1989, Robert Moore was operating an electric Powermatic table saw owned by Mobile Office, Inc., his employer. Unfortunately for Moore, the saw allegedly hit a defect in a piece of wood which he was cutting, causing the fingers of his left hand to come in contact with the saw's spinning blade. Moore suffered traumatic injury. Within two weeks, Moore sued the saw's manufacturer, Stanwich Industries, Inc., in the Circuit Court of Cook County, alleging that Stanwich owed him damages under a theory of strict products liability.

As Moore was a citizen of Illinois, and Stanwich was a citizen of Delaware and Tennessee, Stanwich removed Moore's complaint to this court in December 1989. Shortly thereafter, Stanwich moved for summary judgment on the ground that Moore's complaint was too late under Illinois law. The court entered summary judgment in favor of Stanwich. Moore then filed an amended complaint. In it he claims that Stanwich was negligent in the design, manufacture, and distribution of the saw.

█ Stanwich has moved to dismiss Moore's latest complaint under Rule 12(b)(6), Fed.R.Civ.Pro. The court may dismiss a complaint on such a motion only "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *R.J.R. Services, Inc., v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir.1989). The court may not consider on such a motion, however, materials not contained in or attached to the plaintiff's complaint. See *Doe v. First Nat. Bank of Chicago*, 865 F.2d 864, 873 (7th Cir.1989). For this reason, the court will disregard two affidavits which Moore has attached to his brief in opposition to Stanwich's motion.[1]

Moore's allegations of Stanwich's negligence are not clear. One finds them in par. 8 of the Amended Complaint, which is further divided into three subsections. They read:

a. [Stanwich] failed to disseminate the appropriate warnings that its design [of the saw] was such, [sic] that the hand of an operator could be thrust into contact with a saw blade by kick-back action of material, although [Stanwich] knew or reasonably should have known that such warning was reasonably necessary for the safety of operators.

b. It manufactured, sold and distributed a saw without a guard upon which was affixed proper and adequate warning as to the risks of injury imposed upon operators in the event of removal of such guard.

c. It failed to give proper and adequate warning in any operating manual of the risks of injury to operators in the event the aforesaid saw was operated without a guard to interfere with contact between the saw blade and the hands of the operator.

Stanwich's argument is that it had no duty to give Moore the warnings he suggests. At first glance one would think that if Stanwich succeeded with this argument, the court would have to dismiss Moore's complaint. In opposing Stanwich's motion, Moore contends that this isn't so: in subparagraph (b), he meant to allege that Stanwich was negligent in manufacturing, selling, and distributing a saw without (1) a guard and (2) a guard upon which was affixed a proper warning. While the court

---

1. Moore filed this brief on April 19, 1990. It is labelled "Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss," although it presents almost all of the arguments contained in a brief which Moore filed on April 2, 1990. The court will treat the latter memorandum as superseding, not supplementing, the earlier one.

dislikes such torture of the English language, the court will adopt Moore's interpretation of subparagraph (b) for purposes of this motion, and additionally consider whether Stanwich had a duty to provide a blade guard on its saw.

■ There is one last preliminary before the court may address the substance of Stanwich's arguments: the applicable law. While the parties have not argued which state's law governs this dispute,[2] they have focused their contentions on Illinois law. The court will treat this as a stipulation as to what law governs this motion. See *City of Clinton, Ill. v. Moffitt,* 812 F.2d 341, 342 (7th Cir.1987) (parties may stipulate to applicable substantive law, within broad limits).

■ Now to Stanwich's duty to warn Moore of the hazards posed by its saw: the parties agree that the question of whether a duty exists in a particular case—including a duty to warn—is one of law, not fact, under Illinois law. The decision to impose a duty of reasonable care should take into account the foreseeability of the accident, "the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant." *Kirk v. Michael Reese Hosp. & Med. Ctr.,* 117 Ill.2d 507, 524–26, 111 Ill.Dec. 944, 962, 513 N.E.2d 387, 396 (1987). See also *Leesley v. West,* 165 Ill. App.3d 135, 141, 116 Ill.Dec. 136, 140, 518 N.E.2d 758, 762 (1988) (employing *Kirk* test to ascertain pharmacist's duty to warn consumer of side effects of drug).[3] In determining whether a person should take reasonable care to warn another, however, the most decisive factor for the Illinois courts has been the foreseeability of the accident. This is partly the result of the courts' reliance on § 388 of the Restatement (Second) of Torts (1965), which the Illinois courts often invoke as stating a manufacturer and supplier's negligence duty to warn. See *Weiss v. Rockwell Mfg. Co.,* 9 Ill.App.3d 906, 915–17, 293 N.E.2d 375, 382 (1973); *Baylie v. Swift & Co.,* 27 Ill.App.3d 1031, 1042–43, 327 N.E.2d 438, 447 (1975); *Riordan v. International Armament Corp.,* 132 Ill.App.3d 642, 647–48, 87 Ill.Dec. 765, 768, 477 N.E.2d 1293, 1296 (1985); *Leesley,* 165 Ill.App.3d at 139, 116 Ill.Dec. 136, 518 N.E.2d 758. Another reason is that a warning is information. The central question in a negligent failure to warn case is whether the law required the defendant to give the plaintiff more information. The court's inquiry into the "foreseeability" of an accident is actually an assessment of how informed reasonable persons in the positions of the parties would have been prior to the accident. Little would be gained by requiring a manufacturer or supplier to duplicate information already in the possession of a reasonable persons, and hence the gauging of pre-accident knowledge is critically important. See also Restatement (Second) of Torts § 388, comment k (suppliers having "special" knowledge of the dangers of a chattel and "no reason to believe that those who use it will have such special experience as will enable them to perceive the danger"

**2.** In its reply brief, Stanwich argues that *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires this court to apply Illinois law to this dispute. Ignoring for the moment the improper way Stanwich has raised this argument—it should have presented it in its opening motion—the court believes that *Erie* does not dictate application of Illinois law in quite the way Stanwich suggests. *Erie* requires the federal courts to apply state law in diversity actions. *Erie* does not indicate, however, which state's law applies to a particular dispute. This question is particularly important in cases such as this one, where the laws of possibly three states, Illinois, Delaware, and Tennessee, could govern this action.

**3.** Both parties refer the court to various discussions of a manufacturer's duty to warn users of its products of certain risks. See *Genaust v. Illinois Power Co.,* 62 Ill.2d 456, 343 N.E.2d 465 (1976); *Suich v. H & B Printing Machinery, Inc.,* 185 Ill.App.3d 863, 133 Ill.Dec. 768, 541 N.E.2d 1206 (1989); *Savage Mfg. & Sales, Inc. v. Doser,* 184 Ill.App.3d 405, 132 Ill.Dec. 662, 540 N.E.2d 402 leave to appeal granted, 127 Ill.2d 641, 136 Ill.Dec. 607, 545 N.E.2d 131 (1989); *Van Dettum v. K–Mart Corp.,* 133 Ill.App.3d 861, 89 Ill.Dec. 98, 479 N.E.2d 1104 (1985); *Peterson v. B/W Controls, Inc.,* 50 Ill.App.3d 1026, 9 Ill.Dec. 30, 366 N.E.2d 144 (1977). All of these cases discuss the duty to warn in the context of strict liability, not negligence. As *Leesley* demonstrates, while a person's duty to warn under a negligence regime may be the same as that under a strict liability regime, analysis of each duty is distinct. See *Leesley,* 165 Ill.App.3d at 139, 141, 116 Ill.Dec. 136, 518 N.E.2d 758.

is required to inform users of the risk); *Riordan,* 132 Ill.App.3d at 648, 87 Ill.Dec. 765, 477 N.E.2d 1293.

■ The court rules that reasonable persons in Moore's position would have perceived the dangers posed by a table saw without having been told that there was greater risk to the operator were someone to remove the saw's blade guard. Reasonable persons know that a commercial table saw is an cutting device. They also can surmise that the saw cuts with its blade. The more one exposes the blade, the greater its chances of cutting something, whether it be wood or flesh. The increased risk is obvious.

■ The court cannot say the same thing about a warning that the design of the Powermatic saw enabled the hands of the operator to come into contact with the blade as a result of "kick-back" from materials which the operator was cutting. Stanwich refers the court to *Weiss,* where the court held that a manufacturer of a woodworking device had no duty to warn the operator of a risk of "kick-back" from boards which the operator manually fed into the device. The facts in *Weiss* were much more developed than those here, however. In *Weiss,* the court noted that the plaintiff Weiss and the manufacturer shared "equally" in the knowledge of practical physics, and thus both should have known that care had to be taken in placing "a piece of three-quarter-inch plywood ... against heat treated steel knives fixed on a stationary spindle rotating at a speed of 10,000 revolutions per minute" to avoid kick-back. Moreover, Weiss testified to his knowledge of this tendency. *Weiss,* 9 Ill. App.3d at 912–13, 293 N.E.2d 375. By contrast, while this court could surmise that Stanwich's power saw had some force, Moore's complaint does not state how great that force was. Moore also does not allege the extent of his knowledge of saws and their capacities. If the design of the saw was such that it was peculiarly susceptible to kick-back, and if Stanwich was in the better position to foresee this, then Stanwich could have had a duty to warn operators of the saw of this risk.

Stanwich offers one additional argument in this vein. The company contends that even if it had a duty to warn Moore of kick-back, its breach of this duty did not cause Moore's injury: the unguarded blade did. While it is possible to construe Moore's complaint in the manner Stanwich suggests, it is also possible to construe the complaint as alleging kick-back as a cause of Moore's injury. For purposes of the present motion, the court must accept the latter possibility. The court thus will not dismiss Moore's claim in par. 8(a).

■ This leaves the court with Stanwich's duty to provide a guard for the blade of its saw, which Stanwich has not contested. As the court pointed out above, all reasonable users and manufacturers of saws would recognize that a power saw's blade poses risks, and injuries are likely. A guard would seem to be a simple way to reduce those risks, and a saw's manufacturer is in the best position to supply guards appropriate for its product. The manufacturer also seems to be in a better position to produce guards cost-efficiently. As Stanwich has not contested its duty to provide blade guards, the court will not dismiss Moore's claim for breach of this duty in par. 8(b).

The court grants Stanwich's motion to dismiss Moore's claims of failure to warn in paragraphs 8(b)–(c). Stanwich's other motions are denied.