(No. 40503.—

RUTH FANNING, Appellee, *vs.* CLAUDE LeMAY *et al.*— (U.S. RUBBER COMPANY *et al.,* Appellants.)

*Opinion filed September 29, 1967.*

JOHN E. JACOBSEN, and CRAIG & CRAIG, both of Mt. Vernon, for appellants.

HANAGAN & DOUSMAN, of Mt. Vernon, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Ruth Fanning brought an action for personal injuries in the circuit court of Jefferson County against the operators of a laundromat, the U.S. Rubber Company, and Montgomery Ward and Company. On motion of the defendants the court dismissed the complaint as to all three defendants. The plaintiff appealed to the Appellate Court, Fifth District, which reversed the judgment and remanded the cause. (*Fanning v. Lemay*, 78 Ill. App. 2d 166.) We have granted the petition of defendants U.S. Rubber Company and Montgomery Ward for leave to appeal.

The complaint is in three counts, the first seeking recovery against the laundromat, the second against the U.S. Rubber Company, and the third against Montgomery Ward. It is alleged that on a certain rainy day the plaintiff entered the laundromat to use one of the coin operated washing machines, that the asphalt tile floor was wet and slippery, that the plaintiff was wearing a pair of shoes made by U.S. Rubber Co. and purchased from Montgomery Ward, and that she then and there slipped and fell to the floor, sustaining serious injuries. In count II, against U.S. Rubber, the complaint charges that the soles of the shoes, when wet, were not safe for use in walking on asphalt tile floors, and that as the manufacturer the defendant was negligent in using a type of material it should have known "was not safe for the purpose for which it was used, in that such soles

would become slippery when wet." The defendant is further alleged to have negligently failed to warn purchasers that the shoe was dangerous to wear when wet. Count III charges that in selling her the shoes Montgomery Ward impliedly warranted them to be fit for the purpose for which they were purchased and that in fact they were not fit for such purpose because the soles became "slippery and dangerous when wet and used upon asphalt tile."

The defendants contend that the complaint is insufficient in law because it fails to allege facts showing any defect in the shoes. We agree. While pleadings are to be liberally construed, and formal or technical allegations are unnecessary, a complaint must nevertheless contain the substantial averments of fact necessary to state a cause of action. (Ill. Rev. Stat. 1965, chap. 110, par. 31.) The most that is alleged in the case at bar is that the soles of the shoes became slippery when wet. No facts are alleged setting forth any specific defect in the shoes, nor are there facts to show that in the respect alleged they were any different from shoes ordinarily worn by millions of other people. It is a matter of common knowledge that shoes are more likely to slip when wet than when dry, but this provides no basis for the conclusion that a particular pair of shoes is dangerous or unsafe.

In holding that each of the two counts in question states a cause of action the Appellate Court thought the case was controlled by *Suvada* v. *White Motor Co.,* 32 Ill.2d 612. In that case the brake system failed in a tractor unit used in hauling milk, and the tractor collided with a bus causing damage and personal injuries. The owners brought suit against both the manufacturer of the brake system and the seller which had installed it before selling the tractor unit to the plaintiffs. It is alleged that the injuries and damage resulted from a defective condition of the brake system and that it had not been changed since it left the manufacturer, but had merely been installed into the tractor unit. In de-

ciding that the complaint stated a cause of action against the manufacturer this court held that negligence is no longer necessary for liability where an imminently dangerous product is concerned, and that the concept of strict liability in tort is applicable not only in food cases but to other products as well whose defective condition makes them unreasonably dangerous to the user. We pointed out, however, (at p. 623) that "The plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control."

Unlike the brakes of a motor vehicle, ordinary shoes such as the ones involved here can hardly be characterized as imminently dangerous products or as products whose defective condition would make them unreasonably dangerous to users. Moreover there is nothing to suggest in what manner they are defective, other than the tendency which almost all shoes have to become slippery when wet. The fact alone that injuries may be sustained if this common propensity is not guarded against in their use does not make them dangerous products, in the sense in which that term is used for purposes of strict tort liability. (*Cf. Pitts* v. *Basile,* 35 Ill.2d 49.) The law does not require that common articles such as shoes be accident-proof, or that a manufacturer warn and protect against mishaps in their use. The plaintiff in this case, like any other consumer, must be charged with the knowledge that shoes tend to become slippery when wet.

The basis for liability in tort is not the mere fact of injury but injury caused by fault, and a complaint which fails to allege facts, the existence of which is necessary to enable the plaintiff to recover, does not state a cause of action. Such deficiency cannot be remedied by liberal construction or by argument. *Belmar Drive-In Theatre Co.* v. *Illinois State Toll Highway Com.,* 34 Ill.2d 544, 549.

The circuit court was correct in dismissing counts II

and III of the complaint directed against the U.S. Rubber Company and Montgomery Ward and Company respectively, and the appellate court erred in reversing the judgment in this respect. The judgment of the appellate court will be reversed, insofar as it reversed the circuit court's dismissal of counts II and III of the complaint.

*Judgment reversed in part.*