CONSTANCIA LARA, Plaintiff-Appellant, v. THORO-MATIC VACUUM SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—89—0261

Opinion filed February 20, 1990.

Steinberg, Polacek & Goodman, of Chicago (Ira M. Kleinmuntz, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Gregory L. Cochran, and Christine L. Olson, of counsel), for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Constancia Lara appeals from the circuit court's grant of

summary judgment in favor of defendants Thoro-Matic Vacuum Systems, Inc. (Thoro-Matic), and Seaway Engineering Supply, Inc. (Seaway). The sole issue on this appeal is whether there were issues of fact which rendered the grant of summary judgment improper.

Plaintiff was injured when she fell after tripping over the cord of a vacuum cleaner she was using while working as a cleaning woman. On August 31, 1988, plaintiff filed an amended two-count complaint; count I was founded on strict liability and count II was based upon negligence. Both counts alleged that the vacuum cleaner was unreasonably dangerous in its design and manufacture in that it had inadequate guards, had an appurtenance which caught a portion of her body, had five rolling castered wheels, was not designed to require the top to be aligned in a safe fashion, had insufficient warnings and instructions, and was unstable.

The vacuum cleaner, model M—150, was manufactured by Thoro-Matic and distributed by Seaway. Plaintiff's deposition testimony reflected that she used this vacuum cleaner approximately three hours each day. On the day of her injury, she had used the vacuum cleaner, which had a bright orange cord, about 1½ hours prior to her fall. She had been cleaning in the lighted area where she fell for about 30 to 45 minutes.

Plaintiff was injured after she tripped over the cord of the vacuum cleaner when her left foot hit the cord. The vacuum cleaner was behind her, and when she turned to her left to clean, not looking to see where the cord was, her foot hit the cord. When she fell, she hit the hose she was using, and then struck the floor. The vacuum cleaner rolled toward her and struck her. As a result of the fall, plaintiff injured her left shoulder and wrist.

Stuart Acker, the president of Thoro-Matic, was deposed regarding the design and manufacture of the model M—150. Acker testified that the cord on the vacuum cleaner was approximately 18 inches off the ground. Pursuant to a customer's request, Thoro-Matic had manufactured some models of the M—150 with five casters instead of four. The fifth caster was placed directly under the air intake hose. Customers requested the fifth caster to stabilize the machine and make it more mobile when it was pulled by the hose. No customer had complained that the M—150 with four or five casters was unstable or tipped over. Exhibits showed that the vacuum cleaner plaintiff was using was incorrectly assembled by the customer or the user. Thoro-Matic designed the machine so that the lid would be closed in such a way that the air intake hose and the power cord would be 180 degrees from each other, but no means for requiring that alignment was

provided. Exhibits showed that the lid in this vacuum cleaner had been closed so that the cord was approximately 90 degrees from the air intake hose.

Thoro-Matic denied the allegations in plaintiff's complaint and filed a motion for summary judgment, which Seaway adopted. On December 19, 1988, after considering the written materials and hearing oral argument, the circuit court granted summary judgment on both counts in favor of Thoro-Matic and Seaway. Plaintiff timely appealed.

I

In maintaining that it was error for the circuit court to grant summary judgment, plaintiff asserts that the court did not afford her the benefit of conflicting inferences fairly drawn from the pleadings and depositions and that it failed to consider all the issues set forth in her amended complaint, the deposition testimony of Stuart Acker concerning the design of the product, and her testimony in a light most favorable to her. She contends that her injuries were proximately caused by a distinct defect of the product, namely, the unstable condition of the vacuum cleaner, and that whether a defective condition is an open or obvious defect is a question of fact for the jury's determination.

■■■ Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact. (*Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287, *aff'd in part & rev'd in part on other grounds* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.) Summary judgment is appropriate only where the moving party is entitled to judgment as a matter of law. *Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 325, 494 N.E.2d 830.

■■ ■ To state a cause of action in strict liability in tort, a plaintiff must plead and prove that the injury resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time the product left the manufacturer's control. (*Kokoyachuk v. Aeroquip Corp.* (1988), 172 Ill. App. 3d 432, 437, 526 N.E.2d 607.) The fact that injuries may be sustained if a common and obvious propensity of a product is not guarded against in its use does not make it a dangerous product for purposes of strict tort liability. (*Fanning v. LeMay* (1967), 38 Ill. 2d

209, 212, 230 N.E.2d 182.) There is no requirement that common products be accident-proof, or that the manufacturer warn and protect against mishaps in their use. *Fanning*, 38 Ill. 2d at 212; *Van Dettum v. K Mart Corp.* (1985), 133 Ill. App. 3d 861, 863, 479 N.E.2d 1104.

■ A product is unreasonably dangerous when it fails to perform in the manner reasonably expected in light of its nature and intended function. (*Kokoyachuk*, 172 Ill. App. 3d at 437; *Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 639, 340 N.E.2d 276.) Plaintiff must show that the injuries derive from a distinct defect in the product which subjects those exposed to the product to an unreasonable risk of harm; an injury itself is insufficient to prove the existence of a product defect. (*Kokoyachuk v. Aeroquip Corp.*, 172 Ill. App. 3d at 437; *Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 888, 501 N.E.2d 160.) Moreover, injuries are not compensable if they are caused by inherent propensities of a product which are obvious to all who come into contact with them. *Kokoyachuk*, 172 Ill. App. 3d at 437; *Miller*, 149 Ill. App. 3d at 888; see also *Van Dettum*, 133 Ill. App. 3d at 863-64.

Plaintiff admitted that she tripped over the cord of the vacuum cleaner, causing her to fall. In her deposition, she testified:

"Q. Do you know what made you fall?

A. The cord.

Q. Did you trip on the cord?

A. Well, when I turned around, I was cleaning on this side (indicating) and I was moving into the other side, and then there was another desk. The cord was a little bit raised, and when I turned around, it hit the ankle—.

* * *

Q. When your left foot hit the cord, did you trip?

A. When my left foot hit the cord, I was as if I were falling. And when I was about to fall down, then the machine hit me, turned over or something, and it hit me.

* * *

Q. Do you know if when your foot hit the cord that made the machine roll towards you?

A. Yes.

Q. The machine did move towards you?

A. Yes. When my foot hit the cord and I tripped, it made the machine roll towards me.

Q. And you fell with your left shoulder on top of the tube?

A. Tube, yes.

\* \* \*

Q. Was there anything that you think caused you to fall other than your left foot hitting the cord?

A. No.

\* \* \*

Q. Okay. When that part of your left foot struck the cord, did the vacuum cleaner roll or did it tip over?

A. It rolled a little bit, and then it rolled over."

Plaintiff further acknowledged that she had no trouble seeing the bright orange cord.

■■ ■ This court is bound to take cognizance of and consider only those issues which are supported by the record. (*Shoemaker v. Rush-Presbyterian-St. Luke's Medical Center* (1989), 187 Ill. App. 3d 1040, 1044, 543 N.E.2d 1014.) While plaintiff is correct in her assertion that summary judgment should not be granted if documents on file show that there is a genuine issue as to material fact, there is no evidence in the record that shows that an unreasonably dangerous condition caused her injury. (See *Shoemaker*, 187 Ill. App. 3d at 1044.) Although in summary judgment proceedings the pleadings and depositions are to be construed in a light most favorable to plaintiff (see *Stanfield v. Medalist Industries, Inc.*, 34 Ill. App. 3d 635, 638, 340 N.E.2d 276), allegations not supported by the evidence cannot be considered to create an issue of fact. *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Golden v. Marshall Field & Co.* (1985), 134 Ill. App. 3d 100, 479 N.E.2d 1211.

■ The only evidentiary materials in the record are the depositions of plaintiff and Acker. Based on plaintiff's own description of the circumstances surrounding the fall, the circuit court properly concluded that no inference can be drawn from the record, including Acker's deposition, that would allow a fact finder to find that the injuries sustained by plaintiff were caused because of the placement of the casters, the balance of the machine, or the alignment of the lid on the top of the vacuum cleaner. In fact, no evidence indicates that plaintiff's injury was caused by any means other than by tripping over the vacuum cleaner cord. The tug of the cord combined with falling on the tube would cause a vacuum cleaner to topple regardless of the relationship of the tube and cord to each other. Moreover, the mandatory placement of the cord and tube at 180 degree angles to each other would not eliminate the type of accident that occurred here. The evidence here showed that plaintiff was injured due to her failure to guard against tripping over the cord, which is a common and obvious condition (see *Fanning v. LeMay*, 38 Ill. 2d at 212; *Van Dettum*,

133 Ill. App. 3d at 863), and an inherent property of an electric vacuum cleaner. (*Kokoyachuk*, 172 Ill. App. 3d at 437; *Miller*, 149 Ill. App. 3d at 888; see also *Van Dettum*, 133 Ill. App. 3d at 863-64.) Therefore, since the vacuum cleaner was not unreasonably dangerous and since there was no genuine issue of material fact, summary judgment was correctly granted.

*Steinhauer v. Arnie Bauer Cadillac Co.* (1988), 172 Ill. App. 3d 314, 526 N.E.2d 577, a case relied upon by plaintiff in support of her argument that a question of fact exists in this case, is distinguishable from the case at bar. *Steinhauer* was based on premises liability, did not involve products liability, and the plaintiff was not deposed. In contrast to the facts in this case, there was no testimony that the plaintiff in that case knew of the existence of the ledge which caused her injury. Similarly, in *Stanfield v. Medalist Industries, Inc.* (34 Ill. App. 3d 635, 340 N.E.2d 276), and *Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440, injuries to those plaintiffs were not caused by common and obvious conditions on the devices involved in those cases. They are inapposite to the instant matter. Here, plaintiff knew how to operate the machine and knew of the cord. The evidence, when viewed in a light most favorable to plaintiff, does not support a finding or an inference that the instability or design of the vacuum cleaner caused plaintiff's injury.

II

Plaintiff additionally maintains that the court erred when it granted summary judgment in favor of defendants as to the negligence count of her amended complaint. She contends that sufficient evidence established a question of material fact that defendants breached a duty owed to plaintiff to design, fabricate, manufacture, and sell a vacuum cleaner that was not so unstable that the hitting of its electrical cord while vacuuming could cause the vacuum cleaner's canister to tip over and roll into plaintiff.

The existence of a duty is a question of law properly decided on summary judgment because, absent a legal duty, there can be no recovery in negligence as a matter of law. (*Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 830, 502 N.E.2d 357.) In determining whether a duty exists, the court must consider the following factors: (1) whether the occurrence or accident was foreseeable; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against the injury from occurring; and (4) the consequences of placing that burden upon the defendant. *Shoemaker v. Rush-Presbyterian-St.*

*Luke's Medical Center*, 187 Ill. App. 3d 1040, 1044, 543 N.E.2d 1014.

The third and fourth factors are not satisfied in this case. If clips were utilized to keep the cord on the floor, its placement might still cause a user or any passerby to trip. Placing the burden of guarding against injury on the manufacturer would necessitate the development of a vacuum cleaner whose cord would not result in trips and which would not roll when pulled or tugged. The circuit court properly granted summary judgment as to the negligence count because defendants owed no duty to plaintiff. *Shoemaker*, 187 Ill. App. 3d at 1044.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and BILANDIC, JJ., concur.