FRANCIS J. KLEN, Plaintiff-Appellee, v. ASAHI POOL, INC., *et al.*, Defendants-Appellants (Pool World, Inc., *et al.*, Defendants).—FRANCIS J. KLEN, Plaintiff-Appellant, v. DOUGHBOY RECREATIONAL, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—92—1513, 1—92—1516 cons.

Opinion filed December 2, 1994.

---

[3]Justice Murray concurred in the above opinion prior to his retirement.

Richard Klaus, Steven P. Handler, and Daniel M. Kotin, all of McDermott, Will & Emery, of Chicago, and Peter K. Ledwith, of Lynn & Ledwith, of Garden City, New York, for appellants Asahi Pool, Inc., and Asahi Chemical Industry.

Daniel J. Zollner and Hugh C. Griffin, both of Lord, Bissell & Brook, of Chicago, for appellee Andy's Sales and Rentals, Inc.

Michael Resis, of Querrey & Harrow, Ltd., of Chicago, and William M. Hart and Thomas H. Crouch, both of Meagher & Geer, of Minneapolis, Minnesota, for appellee Doughboy Recreational, Inc.

Peter R. Coladarci, of Peter R. Coladarci, Ltd., of Chicago, for Francis J. Klen.

William J. Cremer and Michael J. Cronin, both of Tressler, Soderstrom, Maloney & Priess, and Robert Cooney, Jr., and Kathy Burne, both of Cooney & Conway, both of Chicago, for *amici curiae*.

JUSTICE GORDON delivered the opinion of the court:[1]
Defendants Asahi Pool, Inc., and Asahi Chemical Industry Co.,

---

[1]To comply with the appellate court page limitations specified by revised Supreme Court Rule 23 (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994), portions of this decision have been abridged and deleted for purposes of publication. The entire unabridged decision is

Ltd. (collectively Asahi), bring this interlocutory appeal by permission of this court pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308); and plaintiff, Francis J. Klen, appeals from a summary judgment granted to defendants Doughboy Recreational, Inc., and Hoffinger Industries, Inc. (collectively Doughboy),[2] and Andy's Sales and Rentals, Inc. (Andy's Sales), pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Plaintiff's products liability action was brought against the defendants as sellers and manufacturers of a swimming pool (Asahi), a swimming pool liner (Doughboy), and a trampoline (Andy's Sales).[3] The plaintiff was injured when he dove from the trampoline into an above-ground swimming pool and was rendered a quadriplegic. The plaintiff alleged that the defendants were liable to him for their failure to warn of the risk of permanent neurological injury presented by their products' intended and foreseeable uses and that the lack of warnings was the proximate cause of his injury.

The facts derived from the pleadings, affidavits and depositions of the parties are not in dispute. At the time of plaintiff's injury, the trampoline had been placed adjacent to the swimming pool by the owners of the pool and trampoline, the Monroes, who were the plaintiff's neighbors. The plaintiff was 14 years old, although he was to turn 15 in three days. The plaintiff arrived at the Monroes' house accompanied by several teenage friends. He swam in the pool for approximately 15 to 30 minutes. He stood in and walked around the perimeter of the pool and knew the water was chest deep. He knew that the sides of the pool were approximately four feet high.

At some point, the individuals at the Monroes' house began using the trampoline as a springboard for diving into the pool. John Monroe bounced on the trampoline and did a somersault dive from the trampoline into the pool. Some of the plaintiff's friends dove head first from the trampoline into the pool and instructed the plaintiff as to how to do the same. After watching John Monroe and his friends bounce on the trampoline and dive into the pool, plaintiff got on the trampoline and began bouncing. As he had been instructed by the

contained in the opinion filed with the clerk of this court in the cause of *Klen v. Asahi Pool, Inc.*, docket Nos. 1—92—1513, 1—92—1516 (cons.).

[2]Doughboy Recreational, Inc., is a division of Hoffinger Industries, Inc., formerly known as Lomart Industries, Inc.

[3]Additional defendant, Pool World, Inc., settled with the plaintiff prior to the trial court's rulings which are subjects of the instant appeals.

others to do, he bounced three times on the trampoline and propelled himself head first into the pool. Plaintiff hit the bottom of the pool and suffered permanent neurological injury. There is no dispute that the plaintiff was attempting a "shallow" or surface dive not a vertical dive.

Plaintiff had taken swimming and diving lessons with the Lockport Park District for seven years, beginning in second grade. He had learned to swim and dive into both deep and shallow water. He learned the difference between deep and shallow dives and learned that certain dives would be appropriate in deep water but not shallow water. Plaintiff had experience in swimming in other above-ground pools that were approximately the same size, shape and depth as the Monroes' pool; and he had experience in using a small exercise trampoline.

Plaintiff stated that he understood that it was possible to dive into shallow water without injury by executing a flat, racing-type dive that others had performed safely on the night he was injured. He believed the dive he was attempting was safe.

Upon the foregoing facts, the defendants moved for summary judgment. The trial court granted summary judgment to Doughboy, the pool liner manufacturer, and to Andy's Sales, the trampoline manufacturer, holding that those products were "conditions" and not "causes" of plaintiff's injuries. The court denied summary judgment to Asahi, the pool manufacturer, holding that whether the risk of quadriplegia is open and obvious to a 14-year-old is a question of fact to be resolved by the jury. Upon Asahi's motion, the trial court certified the following question, which this court agreed to review on appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

> "Whether the Defendant manufacturer, Asahi, of an above ground swimming pool had a duty to warn the Plaintiff, Francis J. Klen, Jr. under strict liability of the hazzard [sic] of diving into an above ground swimming pool."[4]

In his appeal, pursuant to Supreme Court Rule 304(a), the plaintiff argues that the trial court erred in granting summary judgment to defendants Doughboy and Andy's Sales because the pool liner and trampoline were proximate causes of, not conditions to, plaintiff's injury. The plaintiff further argues that the trial court

---

[4]*Amici curiae* briefs have been filed by the Illinois Association of Defense Trial Counsel, supporting defendant-appellant Asahi, and by the Illinois Trial Lawyers Association in support of the position of Francis J. Klen, the plaintiff-appellee.

erred in refusing to consider and striking from the record certain evidence.[5]

A duty to warn of an unreasonably dangerous condition[6] extends to the use of the product by an ordinary person with the ordinary knowledge common to the community regarding the characteristics of the product. (*Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 412 N.E.2d 959.) The duty to warn is determined using an objective standard, *i.e.*, the awareness of an ordinary person (*Erickson v. Muskin Corp.* (1989), 180 Ill. App. 3d 117, 535 N.E.2d 475), and is normally a question of law (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465), although when the record is in dispute, it becomes a question of fact (*Kokoyachuk v. Aeroquip Corp.* (1988), 172 Ill. App. 3d 432, 526 N.E.2d 607).

The duty-to-warn analysis, which is an objective one, should focus on the typical user's perception and knowledge. The plaintiff's subjective knowledge is immaterial to the antecedent determination of an open and obvious danger. (See *Glittenberg v. Doughboy Recreational Industries* (1992), 441 Mich. 379, 392, 491 N.W.2d 208, 213-14, citing 3 American Law Products Liability § 33:23—41—42 (3d ed. 1993).) The plaintiff's knowledge is relevant to the issue of proximate cause; that is, whether the defendant's failure to warn was the legal or proximate cause of the plaintiff's injury; and to the issue of assumption of risk (*Erickson v. Muskin Corp.* (1989), 180 Ill. App. 3d 117, 535 N.E.2d 475). *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.

Several Illinois cases have decided the duty-to-warn issue with reference to the plaintiff's subjective knowledge, finding no duty to warn where the reason for warning, which is to apprise a party of a danger of which he has no knowledge, is lacking. (See, *e.g.*, *Kokoyachuk v. Aeroquip Corp.* (1988), 172 Ill. App. 3d 432, 526 N.E.2d 607; *Huff v. Elmhurst-Chicago Stone Co.* (1981), 94 Ill. App. 3d 1091, 419 N.E.2d 561; *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964.) To the extent that there is a reliance on the plaintiff's knowledge for purposes of determining a duty to warn, we would disagree with these cases since the plaintiff's personal awareness of the

---

[5]The discussion of the contentions raised by the plaintiff in his appeal have not been published but can be reviewed in the unabridged decision referred to in footnote 1 *supra*.

[6]General principles applicable to products liability law have been omitted from the published portion of this decision. For a complete discussion of these principles, see the unabridged decision referred to in footnote 1 *supra*.

risk is irrelevant to the determination of whether a danger is open and obvious as a matter of common knowledge and perception, the analysis required for determining the existence of duty to warn under *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465. See *Smith v. American Motors Sales Corp.* (1991), 215 Ill. App. 3d 951, 576 N.E.2d 146.

Applying the ordinary person standard, courts have held that there was no duty to warn of the open and obvious risk of installing a metal tower and antenna in close proximity to electrical wires (*Genaust*, 62 Ill. 2d 456, 343 N.E.2d 465); slipping on wet flooring while wearing shoes (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182); slipping on ice buildup inside a refrigeration truck (*Kokoyachuk*, 172 Ill. App. 3d 432, 526 N.E.2d 607); riding a motorcycle (*Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 501 N.E.2d 160); tripping over a vacuum cleaner cord (*Lara v. Thoro-Matic Vacuum Systems, Inc.* (1990), 194 Ill. App. 3d 781, 551 N.E.2d 390); and not being able to see behind an opaque ventilation curtain (*McColgan v. Environmental Control Systems, Inc.* (1991), 212 Ill. App. 3d 696, 571 N.E.2d 815). Since the risk of injury was open and obvious as a matter of common knowledge and perception, the products in these cases could not be deemed unreasonably dangerous or defective so as to establish a duty to warn or resultant breach of that duty. See *Smith v. American Motors Sales Corp.*, 215 Ill. App. 3d 951, 576 N.E.2d 146.

A question of fact was found to exist as to the obviousness of the danger of consuming cleaning fluid in *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 306 N.E.2d 312. In *Jonescue*, the plaintiff sought recovery under theories of strict liability and negligence based on the manufacturer's failure to warn against ingesting the cleaning product. The court found that the manufacturer could be liable for an unintended but reasonably foreseen use of the product where there was no adequate warning given as to its dangerous propensities. The court stated:

"When a danger is fully obvious and generally appreciated, nothing of value is added by a warning. [Citation.] Thus, there is no duty to warn against patent dangers. [Citations.]

\* \* \*

On the other hand, there is some evidence from which a jury could infer that users of the Jetco Cleaner might not recognize illness or injury to the extent of that suffered by [the plaintiff] as an obvious consequence of ingesting the cleaner. \*\*\*

\*\*\* [T]he more serious the consequences resulting from the foreseeable but unintended use of a product such as the Jetco Cleaner

involved here, the less expected and hence the less obvious those consequences would appear to the user." 16 Ill. App. 3d at 345-47, 306 N.E.2d at 317.

See also *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964 (obviousness of dangers associated with safety glasses without side shields was disputable such that defendant's duty to warn could not be decided as a matter of law).[7]

In the instant case, the trial court denied summary judgment to Asahi, the manufacturer of the pool, holding that a question of fact existed as to whether the risk of quadriplegia was open and obvious to a 14-year-old and "whether or not a 14 year old is chargeable with knowledge of circumstances that people who are adults who have experience would be chargeable." Asahi argues that the trial court erred in applying a subjective standard to the duty to warn. Defendant Asahi and one of the *amicus* briefs filed in the instant appeal argue that the issue of whether an open and obvious danger exists should be decided using an adult standard of reasonableness. They argue that, although distinctions have been made in the context of premises liability cases with respect to whether a danger is open and obvious to children, those cases are irrelevant to products liability cases. Asahi further argues that the trial court erred in suggesting that a subjective standard, based upon the plaintiff's own knowledge, be applied to determine whether the risk was open and obvious to him.

■ We do not agree with Asahi's contention that the trial court in the instant case applied a subjective standard, based on the plaintiff's knowledge, to the question of whether the danger of diving into an above-ground pool was open and obvious. While it does appear that the trial court distinguished the obviousness of the danger to an adult from the obviousness of the same danger to a 14-year-old, this distinction did not change the standard from an objective one to a subjective one. Rather, the standard remained an objective one, but the reasonable person standard was that of a reasonable child of 14 years of age rather than a reasonable adult.[8]

■ As to the issue of whether the open and obvious nature of the

---

[7]Some emphasis seems to be made of the plaintiff's own knowledge of the dangers associated with the safety glasses in *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 388 N.E.2d 964. To the extent that there is a reliance solely on this knowledge for purposes of determining a duty to warn, we would respectfully disagree.

[8]This objective analysis presumes, of course, that it is reasonably foreseeable that a 14-year-old can be anticipated to be a user of the product. There is no question here that the class of consumers or users of an above-ground

danger should be judged by the standard of a reasonable adult or child, we note that the age of the plaintiff has been relevant in the open and obvious analysis using the objective standard of reasonableness in the products liability forum. Finding the risk of injury obvious, the court in *Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 501 N.E.2d 160, stated that "any competent *19-year-old person* can be expected to know the hazards of riding a motorcycle." (Emphasis added.) 149 Ill. App. 3d at 888, 501 N.E.2d at 143. See Restatement (Second) Torts § 402A, Comment *i*, at 352 (1965) (knowledge of danger possessed by *"ordinary consumer* who [uses the product]") (emphasis added); see also *Sherk v. Daisy-Heddon* (1981), 285 Pa. Super. 320, 328-29, 427 A.2d 657, 661, *rev'd on other grounds* (1982), 498 Pa. 594, 450 A.2d 615:

> ("If the product is one customarily used by children, the danger must be one which children would be likely to recognize and appreciate in order to prevent them from recovering for a product related injury on the grounds that the danger was open and obvious.")

Premises liability cases also have viewed risks of danger from a child's perspective because children, "by reason of their immaturity, are incapable of appreciating the risk involved" (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836, 842) and would not be expected to comprehend and avoid certain risks because of their age and immaturity (see *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177). It is true, as defendant Asahi argues, that premises liability cases have been distinguished from products liability cases. (See, *e.g.*, *McColgan v. Environmental Control Systems, Inc.* (1991), 212 Ill. App. 3d 696, 700, 571 N.E.2d 815, 818; *Lara v. Thoro-matic Vacuum Systems, Inc.* (1990), 194 Ill. App. 3d 781, 787, 551 N.E.2d 390, 394.) The distinction between these theories of recovery, though, is not with respect to the definition of open and obvious danger but, instead, with respect to the resultant duty of the landowner/possessor and manufacturer, respectively, when the dangerous condition or product is deemed to be open and obvious. Under products liability, there is no duty to warn when the dangerous propensities of the product are open and obvious. Under premises liability, in accordance with the "manifest trend of the courts in this country," our supreme court, in *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, held that an owner or occupier of land is no longer *ipso facto* relieved of the duty of reasonable care where the dangerous

---

swimming pool would include 14-year-old children.

condition is known or obvious; rather, "the obviousness of a condition is *** relevant to the existence of a duty on the part of defendant" (136 Ill. 2d at 143, 150, 554 N.E.2d at 228, 231) along with other factors such as the possessor's reasonable anticipation of harm despite the obviousness of the danger.[9] Restatement (Second) of Torts § 343A (1965).

Moreover, even within the context of premises liability, there continue to be certain dangerous conditions "so blatantly obvious," "[e]ven in the case of children on the premises," such that the owner or possessor would have no duty to remedy the condition (*Ward*, 136 Ill. 2d at 148, 554 N.E.2d at 230, citing *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023 (ice on artificial retention pond), and *Sampson v. Zimmerman* (1986), 151 Ill. App. 3d 396, 502 N.E.2d 846 (candle flame)). (*Cf. Mount Zion State Bank & Trust v. Consolidated Communications, Inc.* (1994), 267 Ill. App. 3d 402, 404 ("the-open-and-obvious danger rule cannot be applied to children under seven").) As stated in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177:

> "[T]he *Kahn* principle should not be construed to impose a duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. Even if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions." 73 Ill. 2d at 326, 383 N.E.2d at 180.

The essence of *Kahn*, however, recognizes that a distinction must be made between an adult's ability to recognize and appreciate certain risks and a minor's corresponding ability. Certain conditions considered harmless to adults may not be so to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved. (*Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 383 N.E.2d 177.) The conclusive finding that children, due

---

[9]Prior to the advent of comparative negligence, a further distinction existed between products liability and premises liability. The plaintiff's contributory negligence was a bar to negligence under premises liability (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223), whereas it did not bar recovery under products liability (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197). While misuse and assumption of the risk were complete defenses to a strict products liability action, contributory negligence of the plaintiff was not a defense. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) As was held in *Coney*, the defenses of misuse and assumption of the risk will no longer bar recovery in a products liability action but will reduce plaintiff's recovery by the extent of his fault.

to their immaturity, might be incapable of appreciating certain risks open and obvious to adults is no less conclusive when children are exposed to dangerous risks from products rather than from conditions on the land. Since it would be illogical to expect the danger created by a condition of a product to be any more obvious than a danger created by a condition on the land, where the use of a product by children is reasonably foreseeable, as is the case here, the determination of what is open and obvious to children should be based upon what is true for children as opposed to what is true for adults. Thus, in the instant case the determination of whether the risk of paraplegia was open and obvious must be judged by the reasonable or objective class of 14-year-olds; and the trial court in the instant case was correct in so holding.

Having determined that an objective 14-year-old standard of reasonableness should be applied to the instant case, the question now becomes whether, in accordance with that standard, the risk of paraplegia from performing shallow dives, also known as flat or surface dives, into an above-ground pool, having a depth of about four feet, was open and obvious as a matter of law. If it was, defendant Asahi would have been entitled to summary judgment. As stated in *Lara v. Thoro-Matic Vacuum Systems, Inc.* (1990), 194 Ill. App. 3d 781, 551 N.E.2d 390:

> "Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c) [(now codified at 735 ILCS 5/2—1005(c) (West 1992))].) In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact. [Citations.] Summary judgment is appropriate only where the moving party is entitled to judgment as a matter of law. [Citation.]" 194 Ill. App. 3d at 784, 551 N.E.2d at 399.

The plaintiff in the instant case argues that the pleadings, affidavits, and depositions submitted establish a question of fact as to whether the risk of injury when performing "shallow" dives, that is, flat or surface dives, into an above-ground swimming pool is obvious to the reasonable 14-year-old. Moreover, the plaintiff contends that there is a general belief that dives into shallow water are appropriate and safe. The plaintiff cites to a survey purported to have been done by a defense expert, which indicates that nearly half of those surveyed were unaware of the possibility of permanent neurological injury from diving and to evidence from plaintiff's expert that

hundreds of thousands of Americans dive into shallow water while not appreciating the extreme danger and believing that such dives are safe and appropriate. The plaintiff argues that the deposition testimony from several occurrence witnesses, which included other children and the adult hosts and adult guests, shows that the risk of permanent neurological injury from diving into an above-ground pool was not open and obvious to them. Finally, the plaintiff cites to his own lack of knowledge regarding the risk of permanent neurological injury; however, as stated above, the duty to warn is determined objectively with reference to the ordinary person's common knowledge. See *Palmer v. Avco Distributing Corp.*, 82 Ill. 2d 211, 412 N.E.2d 959.

No Illinois products liability case has held that the danger of executing a shallow dive into a shallow pool is open and obvious as a matter of law. A conclusion against a finding of obvious danger was impliedly reached in *Erickson v. Muskin Corp.* (1989), 180 Ill. App. 3d 117, 535 N.E.2d 475, when the manufacturer of the pool was held liable for a failure to warn of the dangers of diving into it. In *Erickson*, the jury was asked to answer a special interrogatory and, using an objective, reasonable person standard, found that the above-ground swimming pool in that case was unreasonably dangerous because it lacked a warning regarding the dangers of diving into it. The issue on appeal in *Erickson* was whether the defendant swimming pool manufacturer could raise the adult plaintiff's assumption of risk as an affirmative defense, and the court held that it could.

In *Schellenberg v. Winnetka Park District* (1992), 231 Ill. App. 3d 46, 596 N.E.2d 93, a premises liability case, the court reversed the trial court's grant of summary judgement to the defendant park district and held that a genuine issue of material fact existed as to whether the park district had a duty to warn minors of the dangers of performing surface or shallow water dives. The plaintiff in that case was 17 years old, and the defendant argued that the danger was obvious and that the plaintiff understood the risk. Quoting from *Leonard v. Pitstick Dairy Lake & Park, Inc.* (1984), 124 Ill. App. 3d 580, 464 N.E.2d 644, the court stated:

> " '[T]he danger of diving head first into shallow water may seem at first glance to be a matter of common knowledge and understanding for which expert opinion is not needed. However, closer examination of the evidence indicates that the nature and extent of the danger of surface or horizontal diving by teenagers in all probability is not commonly understood, even by many adults of considerable experience.' " (*Schellenberg*, 231 Ill. App. 3d at 50,

596 N.E.2d at 96, quoting *Leonard,* 124 Ill. App. 3d at 586, 464 N.E.2d at 649.)

Recognizing that a landowner had no duty to warn a person of a risk that is open and obvious, the *Schellenberg* court noted that three risks have been identified as being open and obvious to children: water, fire or falling from a height. The court noted that the obvious risk most often associated with water was the danger of drowning (*Schellenberg,* 231 Ill. App. 3d at 53, 596 N.E.2d at 97, citing *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023, *Old Second National Bank v. Aurora Township* (1987), 156 Ill. App. 3d 62, 509 N.E.2d 692, and *Durham v. Forest Preserve District* (1986), 152 Ill. App. 3d 472, 504 N.E.2d 899), although headfirst vertical dives into waters of unknown depth also have been held to present obvious dangers to children (*Schellenberg,* 231 Ill. App. 3d at 52, 596 N.E.2d at 97, citing *Hagy v. McHenry County Conservation District* (1989), 190 Ill. App. 3d 833, 546 N.E.2d 77). *Schellenberg* distinguished *Dowen v. Hall* (1989), 191 Ill. App. 3d 903, 904-05, 548 N.E.2d 346, which held that the risk of paralysis from executing a flat dive off a pier into shallow water of uncertain depths was open and obvious "to a reasonable adult of plaintiff's age [23 years old] and experience," because those injuries which were obvious to a reasonable adult were "not open and obvious to *** children." (*Schellenberg,* 231 Ill. App. 3d at 51, 596 N.E.2d at 96.) Apparently rejecting the defendant's argument that the danger was open and obvious to a minor as a matter of law, the court remanded the case to the trial court for a determination, under premises liability law, as to whether the "defendant's duty to use reasonable care included a duty to warn, and whether plaintiff's understanding of the risk relieved defendant of any duty to warn." 231 Ill. App. 3d at 53, 596 N.E.2d at 98.[10]

In a negligent failure to warn case decided by another jurisdic-

---

[10]As noted previously, under premises liability theory, a plaintiff's knowledge of the danger will not absolve, *ipso facto,* an owner or occupier of land of the duty of reasonable care. The inquiry for purposes of determining duty is:

> "whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety ***. If in fact the entrant was also guilty of negligence contributing to his injury, then that is a proper consideration under comparative negligence principles."
> *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 152, 554 N.E.2d 223, 232.

In a recent premises liability case, the court referred to the plaintiff's subjective knowledge of the risk of injury when deciding as a matter of law

tion, the danger of serious spinal cord injury from executing a flat dive into the shallow water of an above-ground pool was held not to be open and obvious to a reasonable adult as a matter of law. In *Corbin v. Coleco Industries, Inc.* (7th Cir. 1984), 748 F.2d 411, a case which involved a 27-year-old adult and which was decided under Indiana law, the court stated:

> "The crucial point made in this testimony is that even though people are generally aware of the danger of diving into shallow water, they believe that there is a safe way to do it, namely, by executing a flat, shallow dive. If people do in fact generally hold such a belief, then it cannot be said, as a matter of law, that the risk of spinal injury from diving into shallow water is open and obvious. Whether a danger is open and obvious depends not just on what people can see with their eyes but also on what they know and believe about what they see. In particular, if people generally believe that there is a danger associated with the use of a product, but that there is a safe way to use it, any danger there may be in using the product in the way generally believed to be safe is not open and obvious." 748 F.2d at 417-18.

To the extent *Corbin* finds that the danger of executing a flat or "shallow" dive by an adult is not open and obvious, we do not reach that conclusion here nor do we necessarily agree that it would not be open and obvious to an adult. (See *Dowen v. Hall* (1989), 191 Ill. App. 3d 903, 546 N.E.2d 77.) We do believe, however, that the reasoning in *Corbin* does have application with respect to minors and is in accord with our court's treatment of minors in *Schellenberg* and *Leonard*.

For similar reasons we distinguish *Glittenberg v. Doughboy Recreational Industries* (1992), 441 Mich. 379, 491 N.W.2d 208, a case

---

that the defendant homeowners owed no duty to the 17-year-old plaintiff who suffered quadriplegia after diving into an above-ground swimming pool. (*Osborne v. Claydon* (1994), 266 Ill. App. 3d 434.) The court held that the owners owed no duty of care because "they had no reason to believe that a 17 year old with extensive swimming and diving experience would not appreciate the obvious danger of attempting a running dive into the shallow end of the pool when the diver would be required to go over people in the pool." (*Osborne*, 266 Ill. App. 3d at 440.) The court further stated that "[p]laintiff's general experience as a swimmer further negates any duty upon the part of the Claydons in regard to the dive plaintiff chose to perform." (*Osborne*, 266 Ill. App. 3d at 441.) It would seem that *Osborne* does not distinguish between the objective knowledge of a minor and the subjective knowledge of the plaintiff. As we noted previously, the subjective knowledge of the plaintiff must be dealt with in the context of proximate causation and assumption of risk and not with respect to the determination of duty.

relied upon by defendant Asahi and in one of the *amicus* briefs. *Glittenberg* also dealt with adult plaintiffs, and the four-justice majority in that case held as a matter of law that there was no duty upon the manufacturer to warn of the dangers of diving into shallow swimming pools since the danger of injury was "readily apparent or easily discoverable upon casual inspection by the average user of ordinary intelligence." (441 Mich. at 395, 491 N.W.2d at 215.) Moreover, we note that there is a strong dissent in that case which states:

> "A reasonable person, viewing the plaintiffs' evidence as a whole, could conclude that a significant number of catastrophic injuries occur, that the swimming pool industry has been aware of the potential for such injuries for a number of years and in many instances provided warnings with the product, and that the likely consuming public does not appreciate either the general risk of diving in shallow water in an aboveground swimming pool or the specific risk of quadriplegic injury occurring during a shallow dive assumed by the uninformed diver to be safe.
>
> * * *
>
> Performance of a shallow dive, while it is evidence that the diver recognizes a need to modify his actions in response to a perceived danger, is also evidence that divers incorrectly perceive that execution of a shallow dive is sufficient protection from the danger presented by diving in a shallow above-ground swimming pool." *Glittenberg*, 441 Mich. at 415-16, 491 N.W.2d at 224-25 (Levin, J., dissenting).[11]

■ Based upon the pleadings, affidavits, and evidence submitted by the parties in the case at bar, and based upon the cases they have cited to support their respective positions, it is by no means evident that, as a matter of law, the dangers of "shallow" or surface diving into a shallow pool are open and obvious to minors. While there is authority in the premises liability context which has held that risk to be open and obvious to adults (see *Downen v. Hall* (1989), 191 Ill. App. 3d 903, 548 N.E.2d 77), we cannot reach that conclusion as a matter of law with respect to minors (see *Schellenberg v. Winnetka Park District*, 231 Ill. App. 3d 46, 596 N.E.2d 93; see also *Leonard v. Pitstick Dairy Lake & Park, Inc.*, 124 Ill. App. 3d 580, 464 N.E.2d 644). Where there is doubt, the obviousness of the danger is for the jury to determine. As stated in *Kerns v. Engelke* (1977), 54 Ill. App.

---

[11]Justice Cavanagh joined in this dissent, while an additional justice dissented finding that the presented threat was not open and obvious and that the manufacturer had a duty to warn. *Glittenberg v. Doughboy Recreational Industries* (1992), 441 Mich. 379, 432, 491 N.W.2d 208, 232 (Mallett, J., dissenting).

3d 323, 369 N.E.2d 1284, *rev'd in part on other grounds* (1979), 76 Ill. 2d 154, 390 N.E.2d 859:

> " 'Even slight doubts from the obviousness of the consequences resulting from [a foreseeable non-intended use] should require the case to be submitted to a jury. The knowledge, experience, and ability to recognize harmful consequences may vary greatly among the large numbers of those foreseeable users ***.' " (*Kerns*, 54 Ill. App. 3d at 332, 369 N.E.2d at 1291, quoting *Jonescue v. Jewel Home Shopping Service* (1973), 16 Ill. App. 3d 339, 347, 306 N.E.2d 312, 318.)

It would further seem that, having made the determination that the risk of executing "shallow" or surface dives is not open and obvious to minors as a matter of law, the jury could then be asked to redetermine this question as an issue of fact. In addition, the defense is not precluded from raising the subjective awareness of the plaintiff as a question of fact with respect to assumption of risk (*Erickson v. Muskin Corp.* (1989), 180 Ill. App. 3d 117, 535 N.E.2d 475 (jury applied subjective standard, what the plaintiff actually knew, to issue of assumption of risk)) and proximate cause. See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.

For the foregoing reasons, the denial of summary judgment to defendant Asahi is affirmed; the grant of summary judgment to defendant Doughboy is reversed; the grant of summary judgment to Andy's Sales is affirmed and the cause is remanded for further proceedings.

Affirmed in part, and reversed in part and remanded.

MURRAY, P.J., and McNULTY, J., concur.